■ MTS International, Appellant, v China United Trading Corp., Ltd., Respondent. [679 NYS2d 38] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about March 19, 1997, which granted defendant's motion for

summary judgment dismissing the complaint on the ground that it is not a proper party defendant, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff and defendant entered into a written agreement pursuant to which defendant retained plaintiff to collect debts owed to it and various Chinese-based affiliates, for which services plaintiff was to be paid a percentage of the amount actually collected. Plaintiff contends that it rendered such debt collection services in connection with debts owed to two of defendant's affiliates, China Light Industries Import/Export (the "Nice" debt) and China National Resources (the "Bailey" debt), but that it was never paid for its services. Plaintiff commenced two actions against defendant to collect its fees. The actions were consolidated by stipulation, and defendant moved for summary judgment to dismiss the consolidated action on the ground that it was not a proper party defendant. The IAS Court granted the motion, finding that defendant had submitted evidence to substantiate its claim, while plaintiff had opposed the motion with only "bare, conclusory claims" that were insufficient to raise any issue of fact. Upon examination of the parties' submissions, we conclude that it was error to grant the motion, and we reverse and reinstate the complaint.

According to plaintiff, China United represented itself to be a New York corporation that would act as the "American conduit" for its affiliates based in China, responsible for the debts and obligations of those affiliates. While China United submitted an affidavit from a deputy director of its financial and accounting department denying that China Light and China National were in fact China United affiliates, plaintiff submitted documentary evidence sufficient to raise an issue of fact as to defendant's liability for plaintiff's services based on actual affiliation or plaintiff's reasonable belief that the two companies were defendant's affiliates and that defendant had authority to act on behalf of the two companies (see, *Empire Communications Consultants v Pay TV of Greater N. Y.*, 126 AD2d 598, *lv dismissed* 69 NY2d 1037). Among the evidence submitted by plaintiff were documents showing that Han Bo Wang, China United's Division Manager for the United States, assigned to plaintiff the collection of the Nice debt owed to China Light and the Bailey debt owed to China National; that Wang was plaintiff's contact at China Light and China National with respect to the collection of these debts; that plaintiff's correspondence regarding both debts was sent to Mr. Wang; and that the address of China United and China

National was identical. In addition, plaintiff submitted a letter it had received from Wang on China United letterhead regarding the status of the Bailey debt; that letter alluded to a report on the status of the Bailey debt "to our head office in Shijiazhuang China," discussed the advisability of "further steps to get more money back" and asked plaintiff to "hold this case till our further news."

We further note that, while defendant assigns significance to the fact that the "client" listed on the claim forms for the Nice and Bailey debts is not China United but China Light and China National, respectively, the "phone" listed immediately under the client name on both forms is the telephone number on the China United letterhead and Mr. Wang is listed on both forms as the "person calling."

Accordingly, we find that plaintiff's documentary submissions constitute more than "bare, conclusory claims" and are sufficient to create an issue of fact as to China United's liability for the services rendered by plaintiff. Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.